IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CARMEL JESSE FARMER, #2313130 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv001 |
| SARAH PIERSON, ET AL. | § | |

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Carmel Jesse Farmer, a prisoner confined at the Hodge Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On March 18, 2022, the undersigned issued an order, (Dkt. #13), granting Plaintiff's motion for leave to proceed *in forma pauperis* and directing him to submit an initial, partial filing fee of $ 286.00 within thirty days. The order specifically warned Plaintiff that the failure to submit the fee may result in the dismissal of his lawsuit. A copy of this order was mailed to Plaintiff at his address, with an acknowledgment card. The docket reflects that Plaintiff received a copy of this order on March 25, 2022, (Dkt. #14). However, to date, Plaintiff has neither submitted the partial filing fee nor communicated with the Court since he filed the motion for leave to proceed *in forma pauperis*.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua*

*sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff Farmer failed to comply with an order of the Court. Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 31st day of May, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2